## Findeisen et al. v. Friedman et al.

*Wesley, Wagoner, Troutman & McWilliams*, for plaintiffs.

*John B. Martin* and *Marcellus H. McLaughlin*, for defendants.

CRUMLISH, J., May 8, 1939.—1. Action is instituted by the parents of Richardson Findeisen, a deceased minor, and by one of the parents as administrator of the estate of the deceased, to recover damages rising out of an automobile accident, which occurred in the City of Philadelphia, on November 14, 1938, and wherein decedent suf-

fered injuries from which he died on November 18, 1938. The parents sued by virtue of the Act of April 15, 1851, P. L. 669, sec. 19, as amended, 12 PS §1601, which provides:

"Whenever death shall be occasioned by unlawful violence or negligence, and no suit for damages be brought by the party injured during his or her life, the widow of any such deceased, or if there be no widow the personal representatives, may maintain an action for and recover damages for the death thus occasioned."

The administrator's action is brought in pursuance of section 35(b) of the Fiduciaries Act of June 7, 1917, P. L. 447, as reënacted by the Act of July 2, 1937, P. L. 2755, sec. 2, 20 PS §772, which provides:

"Executors or administrators shall have power, either alone or jointly with other plaintiffs, to commence and prosecute all actions for mesne profits or for trespass to real property, and all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander and for libels; and they shall be liable to be sued, either alone or jointly with other defendants, in any such action, except as aforesaid, which might have been maintained against such decedent if he had lived."

2. Defendant Hattie Friedman makes two objections by way of statutory demurrer: (1) there is a misjoinder of causes of action (which was abandoned at the argument); and (2) the parents of an unmarried minor, whose death is allegedly due to the wrongful act of a third person, may pursue one but not both of the above statutory remedies.

3. Both contentions relied upon by defendant were considered by Judge Heiligman in the recent case of Gannon et al. v. Lawlor, 34 D. & C. 571. Judge Heiligman's opinion exhaustively discusses the many statutes and Pennsylvania cases which bear upon this subject. We can add nothing to his excellent resolution of the ques-

tions which here arise out of the existence of the two above referred to statutory rights of action. We are in entire agreement with the view expressed by Judge Heiligman. See also the opinion of our learned colleague, Oliver, P. J., in Lutge, Admx., v. Rosin et al., 32 D. & C. 338 (1938).

*Order*

And now, May 8, 1939, the questions of law raised by the affidavit of defense are dismissed. Defendant is given leave to file an affidavit of defense to the merits within 15 days from the date hereof.